UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

RENTZ KOLVA,

    Plaintiff,                                     CASE NUMBER:

v.

JONES LUMBER – US LBM, LLC, MRJ
HOLDINGS, INC., TERRY L. SMITH, and
MARK R. JONES,

    Defendants.
_____/

**COMPLAINT FOR VIOLATION OF PROVISIONS OF THE FLSA
& DEMAND FOR JURY TRIAL**

    Plaintiff, RENTZ KOLVA, by and through his undersigned counsel, herein sues the Defendants, JONES LUMBER – US LBM, LLC, MRJ HOLDINGS, INC., TERRY L. SMITH, and MARK R. JONES, pursuant to 29 U.S.C. Section 201, *et seq.* of the Fair Labor Standards Act and states as follows:

**PRELIMINARY STATEMENT**

    1.    Plaintiff, RENTZ KOLVA, brings this action for violation of federal wage and hour laws pursuant to the Fair Labor Standards Act, 29 U.S.C. Section 201, *et seq.*, (the "FLSA"). Plaintiff alleges that he is entitled to unpaid overtime wages, as required by 29 U.S.C. Section 207.

    2.    The FLSA is our nation's foremost wage law. The overtime requirements of the FLSA were meant to apply financial pressure to spread employment to avoid the extra wage and to assure workers additional pay to compensate them for the burden of a work week beyond the hours fixed in the act. *See In re Novartis Wage & Hour Litig.*, 611 F.3d 141, 150 (2d Cir. N.Y.

2010). It requires minimum wage and overtime pay for certain non-exempt employees. 29 U.S.C. § 213.

3. Plaintiff's job title when he was employed by the Defendants was "Manager," but based upon his actual duties, it was a non-exempt job position under the FLSA.

4. Plaintiff's primary job duties as an employee of the Defendants primarily consisted of manual labor.

5. Plaintiff worked at Defendants' lumber yard at 4500 Oak Circle Drive, Boca Raton, Florida 33431 until December 31, 2015.

6. Throughout Plaintiff's employment with the Defendants, he was required to work in excess of forty (40) hours per week in order to complete his job duties and did so.

7. Pursuant to policy and plan, the Defendants failed to pay Plaintiff at a rate not less than one and one-half his regular rate of pay for all hours worked in excess of forty (40) in a workweek as required by 29 U.S.C. Section 207(a)(1).

8. The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proof, or persuasion. Plaintiff reserves all rights to plead in the alternative.

## PARTIES, JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. Section 1331, because this action involves a Federal Statute, 29 U.S.C. Section 201, *et seq*.

10. This Court has personal jurisdiction over this action because the Defendants operate substantial business in Palm Beach County, Florida and the damages at issue occurred in Palm Beach County, Florida.

11. Venue is proper to this Court pursuant to 29 U.S.C. Section 216(b).

12. At all times relevant to this action, Plaintiff was an employee of the Defendants within the meaning of 29 U.S.C. Section 203(e)(1).

13. Defendant, JONES LUMBER – US LBM, LLC, is a foreign corporation organized and existing under the laws of Wisconsin, with its principal place of business at 1990 Larsen Road, Green Bay, WI 54303.

14. This Court has jurisdiction over the Defendant, JONES LUMBER – US LBM, LLC, because the Defendant transacts substantial business in Palm Beach County, Florida and the agents and individuals involved in this action were employed within the jurisdiction of Palm Beach County, Florida.

15. Defendant, MRJ HOLDINGS, INC., is a corporation organized and existing under the laws of Florida, with its principal place of business at 754 Camino Lakes Circle, Boca Raton, Florida 33486.

16. This Court has jurisdiction over the Defendant, MRJ HOLDINGS, INC., because the Defendant transacts substantial business in Palm Beach County, Florida and the agents and individuals involved in this action were employed within the jurisdiction of Palm Beach County, Florida.

17. Defendant, TERRY L. SMITH, as "Director of Florida Operations" for JONES LUMBER – US LBM, LLC, was an employer of the Plaintiff within the meaning of the FLSA as he was one of Plaintiff's supervisors, directed Plaintiff's work, and had the authority to hire and fire employees and control the work schedules and methods of payment of employees, including Plaintiff. *See In re Van Diepen, P.A.*, 236 Fed. Appx. 498, 12 Wage & Hour Cas. 2d (BNA) 1358 (11th Cir. 2007) (allowing individual liability).

18. Likewise, Defendant, MARK R. JONES, as "President" and Registered Agent of MRJ HOLDINGS, INC., was an employer of the Plaintiff within the meaning of the FLSA as he was one of Plaintiff's supervisors, directed Plaintiff's work, and had the authority to hire and fire employees and control the work schedules and methods of payment of employees, including Plaintiff. *See Id.*

19. The overtime wage provisions set forth in 29 U.S.C. Section 207 apply to the Defendants, JONES LUMBER – US LBM, LLC, MRJ HOLDINGS, INC., TERRY L. SMITH, and MARK R. JONES, as they engage in commerce under the definition of the FLSA and have an annual gross volume of business of more than $500,000.00.

20. All conditions precedent to the filing of this action have been performed.

## FACTUAL BACKGROUND

21. On September 22, 2014, the Defendants hired Plaintiff to work as a "Manager" of their Hardware and Fasteners Division.

22. As a "Manager," Plaintiff spent the great majority of his time doing manual labor including: loading and unloading trucks; building warehouse shelving system; physically stocking shelves; pulling customers' orders; preparing orders for shipment (wrapping pallets with shrink-wrap and metal bands, etc.); fetching products for customers; delivering and unloading products ordered by customers; sweeping and vacuuming the warehouse; assembling secretaries' desks; and hand-delivering employee mail.

23. Plaintiff never hired or fired any employees.

24. Plaintiff only supervised one other employee, but Defendants even claimed that the employee was in fact Plaintiff's superior.

25. The Defendants paid Plaintiff a yearly salary of $60,000, plus $5,000 car allowance.

## STATEMENT OF CLAIM

26. Throughout Plaintiff's employment, he worked between twenty (20) and thirty (30) hours of overtime each week.

27. Thus, Plaintiff estimates he may be owed $78,758.40 in overtime wages, plus an equal amount in liquidated damages.

28. During this time, Defendants knew that Plaintiff and other employees were regularly arriving to work early, working late, and working through breaks and lunches in order to comply with Defendants' directives.

29. Despite regularly working in excess of forty (40) hours per week during his employment, the Defendants never paid Plaintiff an overtime premium at a rate not less than one and one-half his regular rate of pay for all hours worked in excess of forty (40) in a workweek as required by 29 U.S.C. Section 207(a)(1). Instead, the Defendants intentionally misclassified Plaintiff as exempt from the provisions of the FLSA.

30. Plaintiff's last day of work for Defendants was August 19, 2015. Thereafter, the Defendants placed him on short-term disability from stress caused by working long hours.

31. On December 31, 2015, the Defendants terminated Plaintiff's employment.

32. Defendants had no reasonable grounds to believe that Plaintiff was not entitled to overtime pay or that he fell within any of the exemptions to the overtime provisions of the FLSA.

33. Plaintiff's job position was subject to the FLSA wage provisions.

## COUNT I
## Failure to Pay Overtime Compensation in Violation of the FLSA
## 29 U.S.C. § 201, *et seq.*

34. Plaintiff readopts and realleges the allegations set forth in paragraphs one (1) through thirty-three (33) as if fully set forth herein.

35. Plaintiff was an employee of Defendants within the meaning of 29 U.S.C. Section 203(e)(1).

36. The Defendants were Plaintiff's "employer" within the meaning of 29 U.S.C. Section 203(d).

37. The overtime wage provision set forth in FLSA Section 207 applies to Defendants as they engaged in commerce under the definition of the FLSA.

38. Throughout Plaintiff's employment with Defendants, he was not paid overtime compensation for all hours worked in excess of forty (40) per week.

39. Plaintiff did not exercise the requisite discretion, management, and independent judgment with respect to matters of significance to be classified as exempt and spent the great majority of his time doing manual labor.

40. Indeed, on multiple occasions, representatives told Plaintiff that they could "send one of the Mexicans to do [his] job." The point of these racist remarks was that Plaintiff's job was very simple, and did not require him to exercise independent judgment and discretion.

41. Plaintiff cannot be exempt under the FLSA executive exemption because he never supervised two (2) or more full-time employees.

42. Defendants are, or should have been, aware of the FLSA overtime rate calculations, its provisions and exemptions, and know, or should have known, that withholding wages from Plaintiff constituted a willful violation of the FLSA.

43. Therefore, Defendants willfully and intentionally engaged in a pattern and practice of violating the overtime provisions of the FLSA by refusing to pay overtime to Plaintiff for all hours worked in excess of forty (40) per week.

44. During the relevant time period, Defendants required Plaintiff, a non-exempt

employee under the FLSA, to regularly work in excess of forty (40) hours in a work week without payment of overtime.

45. Defendants knowingly and willingly failed to pay Plaintiff proper overtime wages at a rate of time and one half his regular rate of pay for all such hours, for the purposes of decreasing costs and maximizing profitability.

46. Evidence reflecting the precise number of overtime hours worked by Plaintiff is in the possession of Defendants. If these records are unavailable, Plaintiff may establish the hours he worked solely by his testimony and the burden of overcoming such testimony shifts to the employer. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

47. As a direct result of Defendants' violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with Sections 207 and 216(b) of the FLSA.

48. Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

**WHEREFORE**, Plaintiff, RENTZ KOLVA, demands judgment against Defendants for overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, and reasonable attorneys' fees and costs (pursuant to section 216 of the FLSA), and such other and further relief that the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated this November 9, 2016.

Respectfully submitted by,

*/s/ Mitchell L. Feldman, Esq.*
**Mitchell L. Feldman, Esq.**
Florida Bar. No. 80349
Mitchell L. Feldman, Esq., P.A.
18801 N. Dale Mabry Highway, #563
Lutz, Florida 33548
Tel: (813) 639-9366
Fax: (813) 639-9376
E-Mail: mfeldman@ffmlawgroup.com
*Attorney for Plaintiff, Rentz Kolva*