Exhibit "A"

## SETTLEMENT AGREEMENT

This is a Settlement Agreement ("Agreement") by and between, on the one hand, Rentz Kolva ("Plaintiff"), and, on the other hand, Jones Lumber – US LBM, LLC, MRJ Holdings, Inc., Terry L. Smith, and Mark R. Jones (collectively, "Defendants"). Where appropriate, this Agreement may refer to Plaintiff and Defendants collectively as the "Parties" or to any of them individually as a "Party."

WHEREAS, on or about November 10, 2016, Plaintiff filed a lawsuit styled *Rentz Kolva v. Jones Lumber – US LBM, LLC, MRJ Holdings, Inc., Terry L. Smith, and Mark R. Jones*, in the United States District Court for the Southern District of Florida, West Palm Beach Division, Case No. 9:16-cv-81860-KAM (the "Civil Action"), alleging claims for unpaid overtime compensation under the federal Fair Labor Standards Act;

WHEREAS, Defendants have contested the claims set forth in the Civil Action and deny any and all liability;

WHEREAS, in order to avoid the time, uncertainty, and expense of further litigation, the Parties now desire to settle and resolve fully for all claims Plaintiff asserted or could have asserted in the Civil Action for unpaid overtime wages and violations of the FLSA;

WHEREAS, Plaintiff and Defendants are both represented by competent counsel experienced in employment law matters, and such counsel have engaged in well informed, vigorous, arm's length negotiations, including exchange of informal written discovery and of detailed hypothetical settlement calculations based on certain assumptions; and

23675775v2

WHEREAS, as a result of such arm's length negotiations, as well as each of their own independent research, inquiry, discovery and analysis, Plaintiff and Defendants have each concluded that a settlement in the total amount described below is fair and appropriate in light of the risks and uncertainties of further litigation for each side, including uncertainties about the resolution of key issues such as whether or not certain exemptions from overtime requirements apply and the number of overtime hours, if any, that Plaintiff allegedly worked.

NOW, THEREFORE, in consideration of the promises and mutual covenants set forth in this Agreement, the sufficiency of which is hereby acknowledged, and which the Parties believe are fair and reasonable, Plaintiff and Defendants hereby agree as follows:

A.   **Settlement Payments**

1.      In exchange for the promises contained in this Agreement, Defendants, in accordance with the terms of this Agreement, shall pay to Plaintiff and his counsel, as follows:

(i)      Defendants shall deliver a certified check in the amount of $9,500.00, less applicable withholding, payable to "Rentz Kolva" in respect of his claim for overtime wages.

(ii)     Defendants shall deliver a second certified check in the amount of $5,429 payable to "Mitchel L. Feldman, Esq." in respect of Plaintiff's counsel's fees and costs.

2.      The payments described in Paragraph 1 shall be paid to Plaintiff as settlement of any and all claims Plaintiff asserted or could have asserted in the Civil

2

Action, including any and all claims for overtime wages, damages, liquidated damages, injunctive relief, attorneys' fees, expenses and costs, or other relief.

3.  The payments set forth in Paragraph 1 shall be delivered to Plaintiff's counsel, Mitchel L. Feldman, Esq., 18801 N. Dale Mabry Highway, #563, Lutz, Florida 33548, within twenty (20) days after this Agreement is fully executed and approved by the Court in the Civil Action.  This Agreement is expressly contingent upon judicial approval of the settlement by the Court in the Civil Action.  In the event that the Court in the Civil Action fails to approve the settlement, this Agreement shall be null, void and without effect.

**B.    Dismissal of Action**

4.  Within two (2) business days after the execution of this Agreement, Plaintiff's counsel shall cause to be filed an executed joint motion for approval of settlement and dismissal of the Civil Action with prejudice, in the form separately agreed upon by the parties' counsel.

**C.    Release**

5.  Plaintiff hereby fully and generally releases, discharges and covenants not to sue Defendants or any of their respective current or former parents, subsidiaries, affiliates, predecessors and successors, and each of the foregoing entities' respective officers, directors, shareholders, employees and representatives (acting in their capacity as employees or representatives) with respect to any and all claims for overtime wages or claims under the Fair Labor Standards Act, which Plaintiff may have at the time of signing this Agreement or had at any time prior thereto.

3

23675775v2

**D.     Representations and Acknowledgements**

6.     Plaintiff represents that he has not filed any other lawsuit or initiated any other proceeding against any of the Defendants, except the Civil Action released herewith.  Each Defendant represents that he or it has not filed any lawsuit or initiated any proceeding against Plaintiff.

7.     Each of the Parties represents and acknowledges that (a) they have been represented by independent counsel of their choice prior to signing this Agreement; (b) this agreement is the product of arms' length negotiations between the Parties' attorneys; (c) each has executed this Agreement with the consent and advice of such independent legal counsel; (d) they have not been forced or pressured in any manner whatsoever to sign this Agreement, and they have agreed to all of its terms voluntarily; and (e) they have each reviewed each and every provision of this Agreement with their counsel and they fully understand this Agreement.

**E.     Non-Admissions**

8.     Plaintiff agrees that Defendants are entering into this Agreement solely for the purpose of avoiding the burdens and expenses of protracted litigation.  Plaintiff understands that by entering into this Agreement, Defendants do not acknowledge or admit in any way that Plaintiff's claims in the Civil Action have any merit, or that Defendants engaged in any wrongdoing against Plaintiff or violated any federal, state or local law, statute, order, ordinance, rule, regulation, or contract or common law requirement, duty, or obligation.

4

9.      Whether or not this Agreement becomes effective, neither this Agreement, nor any exhibit, document, or instrument delivered hereunder, nor any statement, negotiations, transactions, or proceedings in connection therewith, shall in any event be construed as, or be deemed to be, or be offered by Plaintiff in any action or proceeding of any kind as evidence of: (a) an admission or concession on the part of Defendants of any liability or wrongdoing or of any violation of any federal, state, or local statute, rule, regulation or principle of common law or equity; or (b) an admission or concession on the part of Defendants that Plaintiff has suffered any damage.  Additionally, Plaintiff agrees that nothing in this Agreement may be used by any Party in any proceeding of any kind for any purpose of any kind, except to enforce its terms.

F.      Additional Terms

10.     Severability.  In the event any provision of this Agreement is found by a court of competent jurisdiction to be invalid, illegal, incapable of being enforced by any law or public policy or otherwise inoperative, the other portions of this Agreement shall be deemed valid and operative, and so far as it is reasonable and possible, effect shall be given to the intent manifested by the portion held invalid, illegal, incapable of being enforced or otherwise inoperative so as to render such portion valid and enforceable to the maximum extent permissible.

11.     Entire Agreement.  This Agreement constitutes the entire agreement between the Parties, and supersedes all prior agreements and understandings, both written and oral, among the Parties hereto with respect to the subject matter hereof.

5

23675775v2

12. _Successors and Assigns_.  This Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective parents, subsidiaries, affiliates, successors and assigns, and each of their officers, directors, shareholders, servants, employees, attorneys and agents, or any committee or other arrangement of creditors organized with respect to the affairs of each Party.

13. _Amendment_.  This Agreement may not be modified or amended except by a written document executed by an authorized representative of each Party.

14. _Waiver_.  Waiver by a Party of any breach of any provision of this Agreement by any other Party shall not operate nor be construed as a waiver of any subsequent or other breach.  No provision of this Agreement may be waived except by a written instrument signed by the Party waiving compliance.

15. _Headings_.  The headings contained herein are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

16. _Construction_.  The language of all parts of this Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against either Party, regardless of who drafted it.

17. _Execution in Counterparts_.  The Parties agree that this Agreement may be executed in counterparts, and that copies or facsimiles of this Agreement shall have the same force and effect for all purposes as the original.

The undersigned Parties have executed this Agreement on the dates identified below.

6

23675775v2

JONES LUMBER – US LBM, LLC

By: _____
      [Name] SECRETARY  Michelle
                          Pollock
Date: 1/19/17

_Rentz Andrew Kolva_
Rentz Andrew Kolva (Jan 17, 2017)

MRJ HOLDINGS, INC.

By:_____
      [Name]

Date:_____

TERRY L. SMITH

By:_____
      Terry L. Smith

Date:_____

MARK R. JONES

By:_____
      Mark R. Jones

Date:_____

7

23675775v2

JONES LUMBER – US LBM, LLC

By:_____
    [Name]

Date:_____

*Rentz Andrew Kolva*
Rentz Andrew Kolva (Jan 17, 2017)

MRJ HOLDINGS, INC.

By:_____
    [Name]    Mark Jones

Date:_____

TERRY L. SMITH

By:_____
    Terry L. Smith

Date:_____

MARK R. JONES

By:_____
    Mark R. Jones

Date:_____

7

JONES LUMBER – US LBM, LLC

By:_____
    [Name]

Date:_____

_Rentz Andrew Kolva_
Rentz Andrew Kolva (Jan 17, 2017)

MRJ HOLDINGS, INC.

By:_____
    [Name]

Date:_____

TERRY L. SMITH

By:_____
    Terry L. Smith

Date:__/__/__

MARK R. JONES

By:_____
    Mark R. Jones

Date:_____

7